**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4427**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

MANDRELL EDWARD DAVIS, a/k/a Dro,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:14-cr-00433-JAB-6)

_____

Submitted: December 15, 2016      Decided: December 19, 2016

_____

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael E. Archenbronn, Winston Salem, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mandrell Edward Davis appeals the district court's judgment revoking his supervised release and sentencing him to 12 months' imprisonment. Davis' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Davis' sentence was substantively unreasonable. Davis was advised of his right to file a pro se supplemental brief, but he has not filed one. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. United States v. Crudup, 461 F.3d 433, 440 (4th Cir. 2006). A sentence within the applicable policy statement range under Chapter 7 of the Sentencing Guidelines is presumed reasonable.

<u>Webb</u>, 738 F.3d at 642; <u>see</u> <u>U.S. Sentencing Guidelines Manual</u> § 7B1.4 (2014).

Applying these standards, we conclude that Davis' within-range sentence is not unreasonable, much less plainly so. Further, in accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>